# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. EDLEBECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 7462 |
| ) | |
| TRONDENT DEVELOPMENT CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Edlebeck has sued Trondent Development Corp. under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). He alleges that Trondent discriminated and retaliated against him when it terminated him after he suffered an injury in a traffic accident. Trondent has moved for summary judgment on all of Edlebeck's claims. For the reasons stated below, the Court grants Trondent's motion.

## Background

Edlebeck was a full-time employee of Trondent. Trondent provides web-based software applications and data management services to other companies. Trondent hired Edlebeck to work as a senior network administrator beginning in January 2008.

Trondent requires all its employees to follow the policies and guidelines in its employee manual. The manual contains, among other things, a provision providing

unpaid medical leave to eligible full-time employees who, due to a medical problem, are temporarily unable to work. Under this policy,

> [a]s soon as an eligible employee becomes aware of a need for a medical leave of absence, *he or she must provide a satisfactory statement from a physician that verifies the existence and nature of the medical disability. The statement must contain among other things, the approximate date the leave is expected to begin, its anticipated duration, and the date the employee can be expected to return to work*. Any changes in this information should be promptly reported to the employer. When an unplanned medical situation or emergency occurs that does not allow the employee to provide advance notification of the need for a medical leave, the employee must notify the employer of the situation within three (3) working days of an absence. If an employee is absent for more than three (3) working days without notifying the employer, the employee will be considered to have voluntarily resigned.

Def.'s Mem., Ex. 8 at 33-34 (emphasis added).

On June 29, 2008, Edlebeck suffered multiple injuries in a traffic accident. He was hospitalized that night and was released on July 1. On June 30, the hospital left a message with Trondent to notify the company of Edlebeck's injury. Trondent acknowledged its receipt of the message the same day. On either July 1 or July 2, Edlebeck drove himself to Trondent's offices, spoke with some of his co-workers, and told Trondent's controller, Nancy Armstrong, that he had been injured in a traffic accident and was going on short-term disability. Armstrong provided Edlebeck with a blank short-term disability form. Her affidavit states that she told Edlebeck that, in accordance with the medical leave policy, he needed to provide Trondent with a doctor's note. *See* Def.'s Mem., Ex. 10 at 2.

Edlebeck did not return the form to Trondent or provide a doctor's note. On July 7, Armstrong tried to call Edlebeck at his home but was unable to reach him. On July

17, Armstrong sent Edlebeck an e-mail again informing him that he needed to send her a doctor's note. On July 22, Edlebeck called Armstrong asking her to e-mail him the short-term disability form again. On July 23, Armstrong did so and again asked Edlebeck to provide her with a doctor's note. On July 30, Edlebeck called Armstrong to request yet another short-term disability form because he had given the form to the wrong doctor. Armstrong e-mailed another copy of the form to Edlebeck the same day.

On August 6, 2008, having still not received any documentation from Edlebeck explaining his absence from work, Trondent terminated Edlebeck's employment. David Wood, Trondent's president, sent a letter to Edlebeck explaining that

> [a]s outlined in the Employee Manual, you are required to contact your manager on each day of your absence and provide documentation that your absence was medically necessary. Because you have failed to provide us with the required follow up, we have been left with no other alternative than to consider that you have abandoned your employment at Trondent.

Def.'s Mem., Ex. 18. On August 8, 2008, after he received the termination letter from Wood, Edlebeck sent a doctor's note to Wood and Armstrong via e-mail. Trondent did not rescind Edlebeck's termination.

Edlebeck filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 25, 2008. He alleged that Trondent discriminated against him based on his gender. On May 28, 2009, Edlebeck amended the charge to allege disability discrimination as well as gender discrimination. He did not assert a retaliation claim. On August 31, 2009, the EEOC dismissed the charge and issued a notice of right to sue. Edlebeck filed this lawsuit on December 1, 2009.

**Discussion**

On a motion for summary judgment, the Court draws "all reasonable inferences from undisputed facts in favor of the nonmoving party and [views] the disputed evidence in the light most favorable to the nonmoving party." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, a court may grant summary judgment "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**1.   Gender discrimination claim**

Edlebeck's first claim is that Trondent terminated his employment based on his gender. Trondent argues that it fired Edlebeck for a legitimate reason—namely, his failure to comply with Trondent's medical leave policy.

"To avoid summary judgment on his gender and race discrimination claims, [Edlebeck] must either point to enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue (the 'direct' method) or establish a prima facie case under the *McDonnell Douglas* formula (the 'indirect' method)." *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 849-50 (7th Cir. 2010); see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The only evidence Edlebeck offers that might fit into the category of circumstantial proof via the direct method is the undisputed fact that "[a]ll other

employees whom [sic] had taken Medical Leave are female." *Id.* at 14. Edlebeck does not dispute that he never discussed his termination with David Wood or other Trondent employees; that he has no knowledge of what Trondent considered or relied upon in terminating him; and that he has never heard any Trondent employee suggest that the company wanted to terminate him because of his gender. Moreover, his arguments in opposition to summary judgment are mostly conclusory. *See, e.g.*, Pl.'s Resp. at 16 ("The Defendant could never prove that they had a legitimate reason for their adverse action against the Plaintiff"). Standing alone, the fact that every other employee who took medical leave was a woman would not permit a rational trier of fact to find that Edlebeck has provided "direct or circumstantial evidence creating a convincing mosaic of discrimination," as the direct method requires. *Threatt v. Donovan*, 380 Fed. Appx. 544, 547 (7th Cir. 2010) (internal quotation marks omitted). Specifically, evidence that some women took medical leave and presumably were not fired by itself does not hint at the possibility that Edlebeck was treated any differently from women who, like him, failed to provide the necessary documentation for medical leave.

Edlebeck's gender discrimination claim fares no better under the indirect method of proof. To establish a prima facie case of gender discrimination under the direct method, Edlebeck must "prove that (1) he is a member of a protected class; (2) his job performance met [Trondent's] legitimate expectations; (3) he suffered an adverse employment action; and (4) another similarly situated individual outside his protected class was treated more favorably." *Egonmwan*, 602 F.3d at 850. "To be considered 'similarly situated,' a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all material respects."

*LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). When employees do not have "a comparable set of failings," no inference of discrimination can be drawn from an employer's differential treatment of the employees. *Haywood v. Lucent Tech., Inc.*, 323 F.3d 524, 530 (7th Cir. 2003). Edlebeck has not identified a similarly-situated female employee who was treated better than he was treated. Indeed, the undisputed facts show that several female Trondent employees took unpaid medical leave, but—unlike Edlebeck—promptly provided Trondent with doctor's notes and estimations of the duration of their leave and their estimated date of return.

Edlebeck argues that one employee, Peggy Jacob, is similarly situated because she "did not comply with Trondent's written FMLA leave policy" when she took leave to care for her husband. Pl.'s Resp. at 10. But even assuming this to be true, Jacob—unlike Edlebeck—provided Trondent with frequent, detailed updates throughout her period of medical leave. *See generally* Def.'s Mem., Ex. 25. As such, Jacob and Edlebeck did not share a "comparable set of failings," and no rational trier of fact could infer that Edlebeck has established a prima facie case of gender discrimination. *Haywood*, 323 F.3d at 530.

**2.    Disability discrimination claim**

Edlebeck also contends that Trondent fired him because of an alleged disability, in violation of the ADA. As with his Title VII claim, Edlebeck may prove his ADA claim using the direct or indirect methods. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). To prove disability discrimination under the direct method, Edlebeck must provide direct evidence, such as "an admission by the decision-maker that his

actions were based upon the prohibited animus," or circumstantial evidence that "allows a jury to infer intentional discrimination by the decision-maker." *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003).

Edlebeck has provided no direct or circumstantial evidence supporting an inference of intentional discrimination. The only evidence he points to is a provision of Trondent's medical leave policy, with which he claims to have complied. Pl.'s Resp. at 15 ("When an unplanned medical situation or emergency occurs that does not allow the employee to provide advance notification of the need for a medical leave, the employee must notify the employer of the situation within three (3) working days of an absence"); *id.* at 16 ("The Plaintiff asserts that he followed the Medical Leave [policy] as stated in the Trondent Employee Manual"). But even if Edlebeck complied with this provision, he indisputably violated a separate part of Trondent's medical leave policy by failing to provide Trondent with medical documentation explaining the reasons for his absence. Edlebeck provides no other facts suggesting that Trondent fired him for impermissible reasons. As such, no rational trier of fact could find via the direct method that Trondent intentionally discriminated against Edlebeck based on his purported disability.

Edlebeck's ADA claim also fails under the indirect method. To establish a prima facie case of discrimination indirectly, Edlebeck must show "that (1) he is disabled under the ADA; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he has suffered from an adverse employment decision because of his disability." *Buie*, 366 F.3d at 503. Here, however, Edlebeck does not dispute that he was "unable to perform the essential functions of his job at Trondent from July 2, 2008, until at least August 9, 2008." Def.'s Reply to Pl.'s

Local Rule 56.1 Submissions at 29. Moreover, as noted above, Edlebeck has failed to provide evidence suggesting that Trondent fired him because of his alleged disability. As such, Trondent is entitled to summary judgment on Edlebeck's ADA claim.

**3. Retaliation claim**

Finally, Edlebeck argues that Trondent retaliated against him. Trondent argues that Edlebeck failed to exhaust his administrative remedies because he did not present this claim in his EEOC charge. "Generally, a Title VII plaintiff may bring only those claims that were included in her EEOC charge . . . or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (internal quotation marks omitted). Where, however, a plaintiff alleges that his employer retaliated against him after he filed his EEOC charge, the plaintiff need not exhaust the retaliation claim at the administrative level. *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 n.9 (7th Cir. 2010) (citing *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 n.2 (7th Cir. 1988)).

Edlebeck did not present a retaliation claim to the EEOC. However, undisputed facts contained in the parties' Local Rule 56.1 submissions indicate that his retaliation claim arises from conduct that occurred after he filed his EEOC charge. Specifically, Edlebeck asserts that Trondent and certain of its personnel retaliated against him by (1) refusing to mediate his EEOC charge; (2) providing its disability carrier with an inaccurate job description for Edlebeck; and (3) expressing displeasure with having to deal with Edlebeck over the phone in early 2009. Because these allegations arise out

of events that occurred after Edlebeck filed his EEOC charge on September 25, 2008, Edlebeck's failure to include his retaliation claim in the EEOC charge does not preclude him from pursuing the claim in federal court. *See Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989) ("[A] separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge"), *superseded on other grounds by statute*, *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1119-20 (7th Cir. 1992).

Despite this, Edlebeck's retaliation claim cannot survive summary judgment. A plaintiff can prove retaliation using direct or indirect proof. The direct method requires evidence of a protected activity by the employee, adverse action by the employer, and a causal connection between the two. *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 788 (7th Cir. 2007). An adverse action includes "any employer action that 'might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Thompson v. N. Am. Stainless, LP*, 131 S. Ct. 863, 868 (2011) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Edlebeck was not employed by Trondent when the above instances of retaliation allegedly occurred. He also concedes that Trondent had no obligation to mediate his charge and that he had no actual job description for Nancy Armstrong to misrepresent. Even considering Edlebeck's allegation that Armstrong made a remark expressing her displeasure at having to deal with his request for his W-2 form, the above facts would not permit a rational trier of fact to find that Trondent took an "adverse action" against Edlebeck after he filed his EEOC charge.

Edlebeck also cannot succeed in establishing a prima facie case of retaliation under the indirect method. To do so, Edlebeck must provide evidence that he engaged

in a statutorily protected activity; Trondent took a materially adverse action against him; he was performing his job satisfactorily; and he was treated worse than a similarly situated employee. *Hill v. Potter*, 625 F.3d 998, 1001 (7th Cir. 2010). As noted above, Edlebeck has not provided evidence from which a reasonable jury could find a materially adverse action by Trondent. Additionally, he has provided no evidence that any other employee engaged in similar actions without suffering the same allegedly retaliatory consequences. Accordingly, Edlebeck's retaliation claim fails as a matter of law.

## Conclusion

For the foregoing reasons, the Court grants Trondent's motion for summary judgment [docket no. 22]. The Clerk is directed to enter judgment in favor of the defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 8, 2011